[Crim. No. 1554. First Appellate District, Division One.—March 13, 1930.]

THE PEOPLE, Respondent, v. DANIEL GAYLORD, Appellant.

Alfred J. Hennessy for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appellant was charged by information with the crime of robbery. He was tried and convicted of robbery in the second degree. Motion for a new trial was made and denied. This is an appeal from the judgment and order.

As grounds for reversal appellant assigns misconduct of the district attorney and alleged error in the admission of certain evidence. The facts show that one Andrew Ababurke was on the twenty-first day of May, 1929, held up and robbed by two men at the entrance to his home at 1857 Larkin Street, San Francisco. He was relieved of his pocketbook, which contained a sum of money. Appellant and one Earle were arrested the following day as the perpetrators of the crime. Both parties admitted that they had committed the offense and appellant consented to take the officers to the place where the purse was hidden. Certain police officers accompanied him to the locality indicated, where the purse and appellant's overcoat were found. After the recovery of the articles named the officers proceeded with appellant to the police station, where he signed a written confession of his guilt. Earle also signed a statement to the effect that he and appellant had committed the crime; that appellant flourished a revolver while he abstracted the purse from the pocket of the victim.

At the trial appellant claimed the confession was written by an officer and he did not know its contents, and, further, that he was not the party who accompanied Earle when the crime was committed. In explanation of his knowledge as to the location of the purse and the overcoat, appellant testified that Earle and one Meyers had visited him at his room and informed him that they had committed the crime; that he thereupon became frightened and he

and Earle hid the articles in the place where they were subsequently found. Earle, called as a witness, testified that appellant took no part in the robbery, but that the same had been committed by himself and one Jack Meyers. To disprove his testimony, the statement which he had signed at the time of his arrest implicating appellant was read to him. This statement recited that the robbery had been committed on May 22d and the district attorney in reading the same erroneously stated that it had occurred on the 21st of May. Appellant contends that this act of the district attorney constituted such error as deprived appellant of a fair trial as the confession referred to a different crime. The date of the robbery, as charged and proved, occurred on the twenty-first day of May, 1929, and this was the only crime referred to in the evidence. The police officer in reducing the confession of the witness to writing erroneously recited that the crime had occurred on the 22d of May. There was no contention that any other crime had been committed by appellant and Earle and in fact it was the only robbery so far as the record shows that they ever committed together. Moreover, on the evening of the 22d, both Earle and defendant were in custody after the hour of 8 o'clock P. M. The statement was correctly read to the jury at different times, and it was only offered to impeach the testimony of Earle. Under all the circumstances it is manifest that appellant was in no manner prejudiced by the incorrect reading of the confession. ■ Appellant complains of the fact that he was referred to by the district attorney as a rat caught in a trap. We see no error in the use of this figure of speech. The court instructed the jury that they were not to be influenced thereby. There is no merit in the appeal.

The judgment and order appealed from are affirmed.

Knight, J., and Cashin, J., concurred.